REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS  67202-1117
316-262-8361

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
)
QuVIS, INC. ) Case No. 09-10706
) Chapter 11
Debtor )

**MOTION TO DETERMINE SECURED STATUS OF NOTEHOLDERS
FOR THE PURPOSE OF PLAN CLASSIFICATION AND OTHERWISE**

COMES NOW, the Debtor, QuVIS, Inc., by and through its attorneys Edward J. Nazar and Nicholas R. Grillot of Redmond & Nazar, L.L.P., and pursuant to the Court's Order Finding Debtor's Disclosure Statement Dated November 6, 2009 Inadequate, requests the Court for a determination under 11 U.S.C. §1122, 11 U.S.C. §506, and 11 U.S.C. §105 of the secured status of certain Noteholders identified in Exhibit 3 attached hereto.

In support of its motion, the Debtor states the following:

1. On March 20, 2009, certain Petitioning Creditors filed an involuntary bankruptcy petition against the Debtor under Chapter 11 of the United States Bankruptcy Code. (Dkt. No. 1).

2. The Debtor consented to an order for relief being entered.  That order was entered on May 18, 2009. (Dkt. No. 16).  The Debtor filed its petition, schedules, statement of financial affairs and other related documents on May 18, 2009.

3. Before consenting to relief, the Debtor issued secured promissory notes to several creditors (each a "Noteholder") pursuant to a First Amended and Restated Convertible Loan and Security Agreement, dated June 30, 2003 (the "Security Agreement").  A true and correct copy of the Security Agreement is attached as Exhibit 1 hereto, and a true and correct listing of the

In the United States Bankruptcy Court for the District of Kansas
IN RE:   Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
         Bankruptcy Case No. 09-11142-11 and 09-11141-11
         Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 2

Debtor's Noteholders is attached hereto as <u>Exhibit 2</u>. Exhibits 1 and 2 were produced as Exhibits to the Debtor's Disclosure Statement Dated November 6, 2009.

4. Under the Security Agreement, individuals or entities were allowed to loan the Debtor money in exchange for a security interest in the following of the Debtor's assets:

> "..the Borrower ("Debtor") hereby pledges, and grants to the Lenders a security interest in all of the right, title and interest of the Borrower in and to all of the property, assets, interests and undertakings of the Borrower, whether now owned or hereafter acquired, existing or arising, real, person or mixed, tangible or intangible, of every kind and description, wherever located, together with all renewals thereof, substitutions therefor and proceeds thereof and all interest, dividends, income and revenue therefrom, ***excluding all factored accounts receivable whether now existing or in the future***, but otherwise including all accounts, chattel paper, all contracts, all deposit accounts, all equipment, all fixtures, all goods, all instruments, all inventory, all cash of the Borrower, all patents, trademarks, trade names, copyrights and other intellectual property or intellectual property rights of a secured party under the Uniform Commercial Code of the State of Kansas as it may be amended from time to time."

5. In paragraph Article VI, Section 6.01(b) of the Security Agreement, the Debtor was required to take the steps necessary to perfect the Noteholder's security interest. Pursuant to this obligation, on March 14, 2002, the Debtor filed a financing statement with the Kansas Secretary of State Office for all Noteholders who had taken a security interest at that time. As additional loans were made by different individuals or entities, new Noteholders were added to the original financing statement by the filing of a UCC-2.

6. By operation of K.S.A. §84-9-515, the March 14, 2002 financing statement lapsed on March 14, 2007. No continuation statement was filed by the Debtor.

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
       Bankruptcy Case No. 09-11142-11 and 09-11141-11
       Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 3

7.      Subsequent to the lapse of the original financing statement, a number of the Debtor's Noteholders filed Uniform Commercial Code Financing Statements (each a "UCC-1") relating to the security interest granted in the Secuirty Agreement. A report detailing the UCC-1 financing statements filed against the Debtor prior to the bankruptcy is attached hereto as Exhibit 3. One other Noteholder filed an assignment of its patent and trademark interest with the United States Patent and Trademark Office.

8.      The Debtor filed its Reorganization Plan Dated November 6, 2009 (the "Plan"), along with its corresponding Disclosure Statement Dated November 6, 2009 (the "Disclosure Statement"). The Plan includes two options for resolving the Debtor's obligations to its creditors: "Plan A" and "Plan B." Plan A contemplates an additional infusion of capital and reorganization of the Debtor, while Plan B contemplates a sale of the Debtor's assets under Section 363 of the Bankruptcy Code and distribution of the sale proceeds in accordance with the priority scheme established in the Bankruptcy Code.

8.      The Plan (including both Plan A and Plan B) proposes to place each of the Debtor's Noteholders into a single class of claims. Certain Noteholders and other parties in interest have submitted objections (the "Objections") to the Debtor's Disclosure Statement, alleging that the Plan improperly places all Noteholders into a single class. Rather, the Objections argue that certain Noteholders should receive priority based on when, and if, a UCC-1 was filed.

9.      Consequently, in response to the Objections and pursuant to the Order of the

In the United States Bankruptcy Court for the District of Kansas
IN RE:   Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
         Bankruptcy Case No. 09-11142-11 and 09-11141-11
         Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 4

Court from the January 14, 2010 hearing on the Disclosure Statement, the Debtor has filed this Motion to determine the secured status of each Noteholder pursuant to sections §1122, §506 and §105 of the Bankruptcy Code, in order to determine the appropriate classification of Noteholders in the Plan.

10. In response to the Objections' concerns regarding the classification of Noteholder claims, there appear to be four plausible ways to classify Noteholder claims under the Debtor's Plan:

> **Classification Method One**: Determine that all Noteholders hold valid secured claims and place all Noteholder claims into a single class of secured claims in the Plan.
>
> **Classification Method Two**: Determine that only the Noteholders shown on Exhibit 3 that filed UCC-1 financing statements hold valid secured claims, and place only such claims into a class of secured Noteholders in the Plan.
>
> **Classification Method Three**: Determine that only the Noteholders shown on Exhibit 3 may be treated as secured claimants and separately classify each such Noteholder in the Plan. Each of these classes of secured Noteholders' claims to the collateral would be ranked in order of priority, based on a "first in time, first in right" principle.
>
> **Classification Method Four:** Determine that the Noteholder's who filed UCC-1 either improperly filed a continuation statement under K.S.A. §84-9-515 by failing to file that statement within the 6-month window before the original UCC-1 lapsed or failed to file an appropriate UCC-1 because a subsequent Security Agreement was not executed between the Debtor and the Noteholder. In addition, the Debtor would avoid all UCC-1 filed within the 90-day look back period and note voided as a result of filing an improper UCC-1 under 11 U.S.C. §547. The remaining Noteholders who do not fall into this category would be given priority stated under Classification Method Three.

11. It is the Debtor's position that the classification provided for in the Disclosure Statement and Reorganization Plan (Classification Method One) is correct one and the most proper

In the United States Bankruptcy Court for the District of Kansas
IN RE: Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
Bankruptcy Case No. 09-11142-11 and 09-11141-11
Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 5

pursuant to the Security Agreement - that all Noteholders are secured on a pro-rated basis in the value of the Debtor's collateral. The Debtor bases this position on three basic arguments:

    a)    Each party knew that other Noteholders had or were going to obtain security interest in the collateral identified above. In anticipation of this inevitability, the Security Agreement contained a provision that would require Noteholders who might gain an interest superior to other Noteholders, to divide such interest pro-rata among all the Noteholders. This is evident from paragraph Article 10.02(a)(iv) of the Security Agreement.

    b)    Under Article VI, Section 6.05 of the Security Agreement, each Lender was appointed as the "Attorney-in-Fact" for the Debtor, and allowed to "do any act which Borrower ("Debtor") is obligated by this Agreement to do, and to exercise the rights that Borrower may exercise under this Agreement, to use the Collateral as Borrower might use it and to protect and preserve **Lenders'** rights under this Agreement and in the Collateral." (emphasis added). The operative word in that sentence is Lenders, which required the individual Lender to act for the collective, much as the Debtor was required. This would make sense because the Debtor could not, under the Security Agreement, act contrary to any Lendors' interest. It would make little sense to give an individual Lender ("Noteholder") appointed as attorney-in-fact for the Debtor to take actions the Debtor could not otherwise take.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
Bankruptcy Case No. 09-11142-11 and 09-11141-11
Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 6

    c) Finally, the Debtor and Noteholders did not execute separate Security Agreements, just separate Promissory Notes. Each Noteholder's interest was govern by one Security Agreement, signed by all the Noteholders. Much like a participation agreement, no one Noteholder was entitled to greater priority in the collateral. This is evident by the failure to identify the individual Noteholder in the Security Agreement, but the Promissory Note provides such individualization.

 12. However, several Noteholders, including J. Greg Kite and the Baugher Living Trust argue the "first in time, first in right" rule should apply to determine the classifications in the Debtor's Disclosure Statement and Plan and any proceeds should be distributed pursuant to the priority identified in Exhibit 3. The Counsel for the Unsecured Creditor's Committee has taken this position as well. This position is based, in part, on the provisions in the Security Agreement that arguably allow individual Noteholders to act in their own self-interest.

 13. While the Debtor disputes this interpretation, the differing outcomes of each interpretation will determine the future direction of the Debtor, and certainly impact the propriety of the Debtor's current classification in its Disclosure Statement and Plan. It also impacts all the classification methods identified in paragraph 10, above.

 14. For these reasons, among others, the Debtor requests the Court determine that its current classification is correct, and for a finding that all Noteholders are secured. However, if the Court determines that it is not appropriate to place all Noteholder claims into a single class, the

In the United States Bankruptcy Court for the District of Kansas
IN RE: Silver Creek Liquid Feed, LLC and Silver Creek Tool Services, LLC
Bankruptcy Case No. 09-11142-11 and 09-11141-11
Motion to Determine Secured Status of Noteholders for Purpose of Classifications and Otherwise
Page 7

Debtor requests that the Court grant the Debtor leave to amend the terms of its Plan in a manner that appropriately classifies Noteholder claims consistent with the classification method the Court determines is appropriate.

WHEREFORE, the Debtor prays the Court enter an order determining that its current classification is correct, finding that all Noteholders are secured; or in the alternative, grant the Debtor leave to amend the terms of its Plan in a manner that appropriately classifies Noteholder claims consistent with the classification method the Court determines is appropriate; and for such other relief the Court deems just and equitable.

RESPECTFULLY SUBMITTED BY:

REDMOND & NAZAR, L.L.P.

 /s/ Nicholas R. Grillot
Edward J. Nazar, #09845
Nicholas R. Grillot, #22054
Attorney for Debtors
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ngrillot@redmondnazar.com