IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| QuVIS, Inc., ) | Case No. 09-10706 |
| ) | Chapter 11 |
| Debtor, ) | |
| _____) | |
| ) | |
| Douglas A. Friesen, M.D.; ) | |
| Marilyn R. Friesen Greenbush, Ph.D.; ) | |
| Douglas C. Cusick; ) | |
| JFM Limited Partnership I; and the ) | |
| Unsecured Creditors' Committee, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary No. |
| ) | |
| Seacoast Capital Partners II, L.P. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Complaint for Equitable Subordination**

COME NOW the Plaintiffs, Douglas A. Friesen, M.D.; Marilyn R. Friesen Greenbush, Ph.D.; and Douglas C. Cusick (collectively the "Petitioning Creditors"), by and through counsel, William B. Sorensen, Jr. of Morris, Laing, Evans, Brock & Kennedy, Chtd.; JFM Limited Partnership I ("JFM"), by and through counsel, R. Patrick Riordan of Gay, Riordan, Fincher, Munson & Sinclair, PA; and the Unsecured Creditors' Committee ("UCC"), by and through counsel, J. Michael Morris of Klenda, Mitchell, Austerman & Zuercher, L.L.C., and in support of their request for judgment, equitably subordinating the claim of the Defendant, Seacoast Capital Partners II, L.P., allege and state, as follows:

## Parties

1.  The Plaintiffs, Douglas C. Cusick; Douglas A. Friesen, M.D.; and Marilyn R. Friesen Greenbush, Ph.D. (collectively the "Petitioning Creditors"), are each Noteholders, but whose claims are clearly "undersecured" given the value of the Debtor's Collateral. These three (3) Noteholders filed UCC-1s on November 14, 2008; December 14, 2008; and December 18, 2008, respectively, and as a consequence, occupy the ninth (9th), nineteenth (19th), and twenty-fourth (24th) positions, respectively, pursuant to the first-to-file priority rule.

2.  The Plaintiff, JFM Limited Partnership I ("JFM"), is a limited partnership, duly organized and operating pursuant to the laws of the State of Kansas, with its principal place of business in Topeka, Shawnee County, Kansas. JFM filed a UCC-1 on October 15, 2008 and, as a consequence, occupies the fifth (5th) position, pursuant to the first-to-file priority rule.

3.  The Plaintiff, the Unsecured Creditors' Committee ("UCC"), represents all unsecured creditors, including undersecured Noteholders, both perfected and unperfected, such as Joe Stange (a member of the UCC), who filed a UCC-1 on October 16, 2008 and, as a consequence, occupies the seventh (7th) position, pursuant to the first-to-file priority rule.

4.  The Defendant, Seacoast Capital Partners II, L.P. ("Seacoast"), whose principal and Managing Director Eben S. Moulton was a former Board Member of QuVIS, is a limited partnership, duly organized and operating pursuant to the laws of the State of Delaware, with its principal place of business in Danvers, Essex County, Massachusetts. Seacoast may be served with process through its Delaware resident agent: Capitol Services, Inc., 615 South DuPont Highway, Dover, DE 19901. Seacoast filed a UCC-1 on June 14, 2007 and, as a consequence, currently occupies the third (3rd) position, pursuant to the first-to-file priority rule.

## Jurisdiction and Venue

5. Jurisdiction of this matter is vested in the Bankruptcy Court for the District of Kansas pursuant to 28 USC § 1334(b) and § 157(b) as a core matter arising under Title 11 and an adversary proceeding filed pursuant to Bankruptcy Rule 7001(8).

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and §1409.

## Procedural Background

7. This case was commenced by the Petitioning Creditors with the filing of an Involuntary Petition (Doc. No. 1) under Chapter 11 of the Bankruptcy Code on March 20, 2009.

8. Thereafter, the Debtor consented to an Order for Relief (Doc. No. 16), which was entered by the Court on May 18, 2009.

9. The Defendant, Seacoast Capital Partners II, L.P., filed a Proof of Claim (Claim No. 97) on October 22, 2009 for the amount of $5,387,042.00.

10. On June 1, 2010, the Court issued an Order on Debtor's Motion to Determine Secured Status of Noteholders (Doc. No. 333) concluding that the Loan Agreement did not abrogate the first-to-file priority scheme of K.S.A. §84-9-322(a)(1) under the circumstances existing here and that payments to the Noteholders who filed new UCC-1s should be made in the order in which each Noteholder filed a financing statement.

11. Thereafter, on June 17, 2010, the Defendant filed a Motion to Lift Automatic Stay (Doc. No. 354), requesting relief from the automatic stay and allowing foreclosure of its security interest in the Collateral.

## Statement of Facts

12. The Debtor, QuVIS, Inc., issued secured promissory notes to creditors (Noteholders), pursuant to a "First Amended and Restated Convertible Loan and Security Agreement," dated June 30, 2003.

13. Under the Security Agreement, individuals or entities were allowed to loan the Debtor money in exchange for a security interest in the Debtor's assets.

14. In Article VI, Section 6.01(b) of the Security Agreement, the Debtor was required to take the steps necessary to perfect the Noteholder's security interest. Pursuant to this obligation, on March 14, 2002, the Debtor filed a financing statement with the Kansas Secretary of State's Office for all Noteholders who had taken a security interest at that time. As additional loans were made by different individuals or entities, new Noteholders were added to the original financing statement by the filing of a UCC-2.

15. Contrary to its obligation, the Debtor allowed the March 14, 2002 financing statement to lapse on March 14, 2007, by operation of K.S.A. §84-9-515, and no continuation statement was ever filed by the Debtor.

16. According to the testimony of Kenbe D. Goertzen, CEO, President and Board Chair of the Debtor, QuVIS, Inc., during the Section 341 Meeting of Creditors held on June 26, 2009, Eben S. Moulton, a Managing Director of Seacoast Capital Partners II, L.P., joined the Board of Directors of the Debtor, QuVIS, Inc., on or about May of 2006. He thereafter resigned from the Board, according to Mr. Goertzen, on or about July of 2008.

17. At the time, then, that the March 14, 2002 financing statement was allowed to lapse on March 14, 2007, Eben S. Moulton was a member of the Board of Directors of Debtor.

18. On June 14, 2007, approximately three (3) months after the lapse of the QuVIS financing statement, Seacoast filed a financing statement, not for or on behalf of the Debtor or all Noteholders, but only for and on behalf of Seacoast.

19. At the time, then, that Seacoast filed its own individual UCC-1 on June 14, 2007, Eben S. Moulton was still a member of the Board of Directors of Debtor.

20. Creditor, J. Greg Kite, filed a UCC-1 on June 7, 2007, and, as a consequence, occupies the first (1st) position, pursuant to the first-to-file priority rule. Mr. Kite is an individual Noteholder, who is neither an "insider," nor a "fiduciary" of the Debtor, nor has any other affiliation with the Debtor. Mr. Kite knew nothing about and was unaware of the lapse of the Debtor's March 14, 2002 financing statement on March 14, 2007. Mr. Kite filed his own UCC-1 simply as a matter of good business sense and out of an abundance of caution.

## **Inequitable Conduct**

21. The Bankruptcy Code defines a director as an "insider" and under general corporate theory a director is a "fiduciary." Consequently, when Eben S. Moulton served on the Board of Directors of Debtor, he was both an "insider" and a "fiduciary." As such, he had various and numerous duties and responsibilities.

22. The result of allowing the March 14, 2002 financing statement to lapse, failing to file a continuation statement, and thereafter filing a financing statement solely for Seacoast was to gain priority to the benefit of Seacoast and to the detriment of all other Noteholders and creditors.

23. In fact, at the time the March 14, 2002 financing statement was allowed to lapse on March 14, 2007, of the current number of seventy-three (73) Noteholders, forty-three (43)

5

Case 09-10706   Doc# 376   Filed 07/20/10   Page 5 of 7

Noteholders immediately lost both their perfection and priority status. (See Exhibit 5/List of Lapsed UCC-1s & UCC-2s filed by QuVIS/03-17-10 Hearing)

24. Based upon information and belief, it is understood that no official notification of the lapse of the March 14, 2002 financing statement was provided to the forty-three (43) Noteholders or any of the subsequent Noteholders, leaving the forty-three (43) Noteholders and the subsequent Noteholders unaware of the lapse.

25. The QuVIS Board Members, on the other hand, are imputed with the knowledge that the March 14, 2002 financing statement had been allowed to lapse.

26. Seacoast's individual perfection diminished the Debtor's value to all other creditors except those in front of Seacoast.

27. "Equitable subordination" of a creditor's claims is permitted by the Bankruptcy Code, 11 U.S.C. §510(c), to distinguish between a creditor's legitimate remedies against the debtor and "inequitable conduct." To establish "inequitable conduct" of an "insider" or a "fiduciary," the Plaintiffs need only show "unfair" conduct.

28. The Defendant's inequitable conduct resulted in injury to the Petitioning Creditors; JFM Limited Partnership I; and the Unsecured Creditors' Committee and conferred unfair advantage to the Defendant.

29. Equitably subordinating the Defendant's claim is not inconsistent with the provisions of the Bankruptcy Code.

## Prayer for Relief

WHEREFORE, the Plaintiffs respectfully request an Order equitably subordinating the Defendant's claim in its entirety to all perfected and unperfected Noteholders or, in the

alternative, to the degree to which the Court deems appropriate and providing such other and further relief as the Court deems fair, just and equitable.

Respectfully submitted,

/s/ William B. Sorensen, Jr.
William B. Sorensen, Jr., #10010
MORRIS, LAING, EVANS, BROCK &
 KENNEDY, Chartered
300 N. Mead, Suite 200
Wichita, Kansas 67202-3084
Telephone: (316) 262-2671
Facsimile: (316) 262-5991
Attorneys for Petitioning Creditors

/s/ R. Patrick Riordan
R. Patrick Riordan, #15518
GAY, RIORDAN, FINCHER, MUNSON
 & SINCLAIR, PA.
3500 SW Fairlawn Road, Suite 210
Topeka, Kansas 66614
Telephone: (785) 783-8323
Facsimile: (785) 783-8327
Attorneys for JFM Limited Partnership I

/s/ J. Michael Morris
J. Michael Morris, #09292
KLENDA, MITCHELL, AUSTERMAN
 & ZUERCHER, L.L.C.
301 North Main, Suite 1600
Wichita, Kansas 67202
Telephone: (316) 267-0331
Facsimile: (316) 267-0315
Attorneys for Unsecured Creditors' Committee