REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS 67202
316-262-8361

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QuVIS, Inc. | ) | Case No. 09-10706 |
| | ) | Chapter 11 |
|           Debtor(s) | ) | |

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING
THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE
PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND
GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING
ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)**

COMES NOW the Debtor-in-Possession, QuVIS, Inc. ("debtor"), by and through its attorney Nicholas R. Grillot of Redmond & Nazar, L.L.P. ("Firm") and moves the Court for an interim order substantially in the form attached hereto and marked **Exhibit 1**, and a final order to be submitted later authorizing the debtor to obtain DIP financing up to $5,000.00, granting security interest and priority claims in a specific asset of the debtor and requesting the Court schedule a final hearing on the motion pursuant to Bankruptcy Rule 4001 within thirty (30) days of the date of this motion to consider the entry of the final order and approve certain notice procedures with respect thereto. The facts and circumstances supporting this motion are set forth below.

**STATUS OF CASE AND JURISDICTION**

1. This case was filed as an involuntary bankruptcy petition on March 20, 2009. The Debtor agreed to and an order was entered on May 19, 2009.

2. The Debtor has continue and possession of its property and has continued to operate and maintain its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the

In the United States Bankruptcy Court for the District of Kansas
IN RE:   QuVIS, Inc.
         Bankruptcy Case No. 09-10706-11
         DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
         DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
         AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
         MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 2

Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is property in this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409. The statutory predicates for the relief requested herein are §§105(a), 361, 362, 363, and 364 of Title 11 of the Bankruptcy Code and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND OF THE DEBTOR

4. The debtor runs a digital image company in Topeka, Kansas. The debtor creates products that allow movie theaters and other customers to edit digital video and loop digital images

5. The debtor was established in 1998. Substantial initial investments were made in the company. In 2002, the debtor offered a debt for equity swap that established a secured note with all the investors ("note holders"). The debtor's agreement with the noteholders was eventually memorialized in the First Amended and Restated Note and Security Agreement ("Note").

6. Several note holders have filed UCC-1 financing statements with the Kansas Secretary of State asserting their perfected secured interests in virtually all the assets of the Debtor, including accounts, chattel, paper, contracts, depository accounts, equipment, fixtures, goods, instruments, inventory, cash, patents, trademarks, copyrights, other intellectual

In the United States Bankruptcy Court for the District of Kansas
IN RE:   QuVIS, Inc.
         Bankruptcy Case No. 09-10706-11
         DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
         DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
         AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
         MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 3

property, and any proceeds and all support obligations of the Debtor.

## SUMMARY OF PRE-PETITION INDEBTEDNESS OF THE DEBTOR

7. Prior to the petition date, the debtor funded its operations through the sale of its products and through the financing obtained through the Note. As stated above, the debtor granted a pre-petition security interest in all of its assets except for certain accounts receivable to the noteholders.

8. The debtor is without sufficient cash to pay its current withholding taxes and needs to obtain interim financing in the sum of $5,000.00 to meet that obligation. Owen Leonard ("Leonard"), a member of the debtor's Board, has agreed to advance the debtor $5,000.00. Leonard has requested that the money advanced be paid back from certain accounts receivable the debtor is to receive shortly.

9. The total indebtedness owed on the Note far exceeds any value that the debtor has in any of its assets. The amount of that note exceeds $30,000,000.00. Therefore, there is no other non-secured assets that might be used to secured this advance.

10. The debtors currently owe the Internal Revenue Service ("IRS") on certain withholding taxes that are due and payable on December 3, 2010. The debtor is also due certain cash receipts on certain receivables that are to be paid in short order.

11. The debtor proposes that the debtor-in-possession financing to allow it pay this necessary obligation of the estate and because of the cash short fall and to grant the Leonard a priority security interest in certain accounts receivables until the $5,000.00 is paid.

In the United States Bankruptcy Court for the District of Kansas
IN RE: QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 4

12. The Debtor respectfully requests the entry of an interim and final order pursuant to 11 U.S.C. §105 and 11 U.S.C. §364 of the Bankruptcy Code Bankruptcy Rules 2002, 4001, and 9014, granting authority for the Debtor to obtain secured Debtor-in-Possession financing, granting interest in priority claims and granting the relief requested.

13. The loan from the Leonard is predicated upon the following pertinent terms:

| | |
|---|---|
| BORROWER: | QuVIS, Inc. |
| LOAN AMOUNT: | $5,000.00 |
| USE OF PROCEEDS: | The proceeds of the loan shall be used to pay withholding taxes. |
| INTEREST RATE: | 0% |
| MATURITY: | There is no maturity date. The loan will be paid from the first receivable obtained by the debtor. |
| LIENS AND PRIORITY: | Section 364(c)(2) and (c)(3) priority lien on certain accounts receivable to be paid immediate. |

14. Section 364 of the Bankruptcy Code provides the Court with the power to authorize the post-petition financing for a Chapter 11 Debtor-in-Possession. Many incentives are enumerated in Section 364 to induce a creditor to extend post-petition credit.

**RELIEF SOUGHT**

15. By this motion, the debtor seeks entry of the interim order pursuant to Sections 105(a), 361, 362, 363 and 364, 1107 and 1108 of the Bankruptcy Code and Rules 2002, 4001, 6004 and

In the United States Bankruptcy Court for the District of Kansas
IN RE:   QuVIS, Inc.
         Bankruptcy Case No. 09-10706-11
         DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
         DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
         AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
         MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 5

9014 of the Bankruptcy Rules authorizing the debtor to incur post-petition debt as also proposed herein. That although the pre-petition lenders may not be adequate secured, the debtor should be permitted to obtain DIP financing under the terms provided in the interim order because of the small amount loaned and the necessity of the debt to preserve what assets the debtor has left to satisfy the Note.

**(a)    The Noteholders Are Adequately Protected Under Sections 361 and 363 of the Bankruptcy Code In the Collateral In Which The Noteholders Hold A Security Interest.**

16. The measure of protection provided to the Noteholders in the proposed interim order, pursuant to and in accordance with Sections 361 and 363(e) of the Bankruptcy Code, constitute adequate protection for any diminution in the value of the pre-petition collateral because the debtor's payment of the withholding taxes will prevent the incurrence of an administrative expense under 11 U.S.C. § 503(b) for the payment of withholding taxes and will preserve the current value of the Collateral but utilizing it to satisfy this obligation. . Specifically, the interim order provides that the pre-petition lenders will receive, among other things, the following protections:

   a.   All pre-petition lenders will maintain their security interest in and liens upon all pre-petition assets and pre-petition collateral, together with all proceeds thereof. The existing liens of such pre-petition lenders will carryover on the respective property subject to their lien.

In the United States Bankruptcy Court for the District of Kansas
IN RE:  QuVIS, Inc.
   Bankruptcy Case No. 09-10706-11
   DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
   DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
   AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
   MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 6

17. The Debtor submits that the foregoing protects the pre-petition lenders for any potential diminution in the value of the pre-petition collateral.

## REQUEST FOR INTERIM RELIEF

18. Bankruptcy Rules 4001(b) and 4001(c) permit a court to approve a debtor's request for interim financing requests during the 15-day period following the filing of a motion for authority to obtain or use of credit "as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed.R.Bankr.P. 4001(b)(2) and (c)(2). In examining such request under Bankruptcy Rule 4001, courts apply the same business judgment standard as is applicable to other business decisions. *See, e.g., In re Ames Dept. Store, Inc.,* 115 B.R. 34, 38 (Bankr. S.D.N.Y 1990), *In Re Campbell Sod, Inc.* 2007 WL 3071609 (Bankr. D. Kan. Oct. 18, 2007). The Debtor submits that, for the reasons set forth herein, authority for the debtor to incur DIP financing on an interim basis as requested in this motion is necessary to avert immediate and irreparable harm to the Debtor's business and estate.

## REQUEST FOR FINAL HEARING

19. Pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2), the Debtor respectfully requests the Court set a date for the final hearing that is no later than thirty (30) days following the Petition Date.

20. The Debtor's counsel has contacted the attorney for the Wichita Investment Group and petitioning creditors, counsel for the Unsecured Creditors' Committee, counsel for Seacoast Capital Partners I, L.P., and counsel for JFM Partnership in regards to this proposed post-

In the United States Bankruptcy Court for the District of Kansas
IN RE:    QuVIS, Inc.
          Bankruptcy Case No. 09-10706-11
          DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
          DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
          AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
          MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 7

petition financing and none of those parties has an objection to the providing of financing.

WHEREFORE the debtor respectfully requests the Court enter an order in substantially the form attached hereto as **Exhibit 1** (i) granting the relief requested on an interim basis and (ii) granting such other and further relief as the Court deems just and property.

RESPECTFULLY SUBMITTED:

REDMOND & NAZAR, L.L.P.


 /s/Nicholas R. Grillot
Nicholas R. Grillot #22054
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ngrillot@redmondnazar.com

In the United States Bankruptcy Court for the District of Kansas
IN RE:    QuVIS, Inc.
          Bankruptcy Case No. 09-10706-11
          DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN
          DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3)
          AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE
          MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 8

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 6th day of December, 2010, a true and correct copy of the Debtor's Emergency Motion for Order Authorizing the Debtor to Obtain DIP Financing Pursuant to the Provisions of 11 U.S.C. §§364(c)(2) and §364(c)(3) and Granting Related Relief and Scheduling of Final Hearing on the Motion Pursuant to Bankruptcy Rule 4001(c) was filed electronically with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system. The parties of interest receiving notification by U.S. Mail are identified in the attached matrix and by facsimile as follows:

Office of the United States Trustee
301 North Main, Suite 1150
Wichita, KS 67202


                                        /s/ Dawn Hatanelas
                                        Dawn Hatanelas
                                        Legal Assistant to Nicholas R. Grillot

REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, KS 67202
316-262-8361

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| QuVIS, Inc. | ) | Case No. 09-10706 |
| | ) | Chapter 11 |
| Debtor(s) | ) | |

**INTERIM ORDER AUTHORIZING DEBTOR-IN-POSSESSION
TO OBTAIN FINANCING AND GRANT SECURITY INTERESTS
PURSUANT TO 11 U.S.C. §§361 AND 364(c)**

This matter is before the Court on the Motion (the "Motion") of the debtor, QuVIS, Inc., as debtor and debtor-in-possession in the above captioned Chapter 11 case, requesting entry of an interim order authorizing debtor to obtain financing pursuant to Section 364(c)(2) and (c)(3) of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The debtor appears by and through its counsel, Nicholas R. Grillot of Redmond & Nazar, L.L.P. There are no other appearances.



In the United States Bankruptcy Court for the District of Kansas
IN RE:    QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 2

Based upon this Court's review of the Motion and all matters brought to the Court's attention at the interim hearing, pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2) (the "Interim Hearing"), and after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law applicable to debtor's requests to obtain financing from Owen Leonard.

THE COURT HEREBY FINDS AND DETERMINES:

1. This case was filed as an involuntary bankruptcy petition on March 20, 2009. The Debtor agreed to and an order was entered on May 19, 2009.

2. The Debtor has continue and possession of it's property and has continued to operate and maintain it's business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is property in this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409. The statutory predicates for the relief requested herein are §§105(a), 361, 362, 363, and 364 of Title 11 of the Bankruptcy Code and Rules 2002, 4001, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

4. The debtor runs a digital image company in Topeka, Kansas. The debtor creates products that allow movie theaters and other customers to edit digital video and loop digital images

In the United States Bankruptcy Court for the District of Kansas
IN RE: QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 3

5. The debtor was established in 1998. Substantial initial investments were made in the company. In 2002, the debtor offered a debt for equity swap that established a secured note with all the investors ("note holders"). The debtor's agreement with the noteholders was eventually memorialized in the First Amended and Restated Note and Security Agreement ("Note").

6. Several note holders have filed UCC-1 financing statements with the Kansas Secretary of State asserting their perfected secured interests in virtually all the assets of the Debtor, including accounts, chattel, paper, contracts, depository accounts, equipment, fixtures, goods, instruments, inventory, cash, patents, trademarks, copyrights, other intellectual property, and any proceeds and all support obligations of the Debtor.

7. Prior to the petition date, the debtor funded its operations through the sale of its products and through the financing obtained through the Note. As stated above, the debtor granted a pre-petition security interest in all of its assets except for certain accounts receivable to the noteholders.

8. The debtor is without sufficient cash to pay its current withholding taxes and needs to obtain interim financing in the sum of $5,000.00 to meet that obligation. Owen Leonard ("Leonard"), a member of the debtor's Board, has agreed to advance the debtor $5,000.00. Leonard has requested that the money advanced be paid back from certain accounts receivable the debtor is to receive shortly ("DIP Financing").

In the United States Bankruptcy Court for the District of Kansas
IN RE: QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 4

9. The total indebtedness owed on the Note far exceeds any value that the debtor has in any of its assets. The amount of that note exceeds $30,000,000.00. Therefore, there is no other non-secured assets that might be used to secured this advance.

10. The debtors currently owe the Internal Revenue Service ("IRS") on certain withholding taxes that are due and payable on December 3, 2010. The debtor is also due certain cash receipts on certain receivables that are to be paid in short order.

11. The debtor proposes that the debtor-in-possession financing to allow it pay this necessary obligation of the estate and because of the cash short fall and to grant the Leonard a priority security interest in certain accounts receivables until the $5,000.00 is paid ("DIP Lien").

12. The loan from the Leonard is predicated upon the following pertinent terms:

| | |
|---|---|
| BORROWER: | QuVIS, Inc. |
| LOAN AMOUNT: | $5,000.00 |
| USE OF PROCEEDS: | The proceeds of the loan shall be used to pay withholding taxes. |
| INTEREST RATE: | 0% |
| MATURITY: | There is no maturity date. The loan will be paid from the first receivable obtained by the debtor. |
| LIENS AND PRIORITY: | Section 364(c)(2) and (c)(3) priority lien on certain accounts receivable to be paid immediate. |

In the United States Bankruptcy Court for the District of Kansas
IN RE:   QuVIS, Inc.
         Bankruptcy Case No. 09-10706-11
         INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO
         THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF
         AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY
         RULE 4001(c)
Page 5

13. Section 364 of the Bankruptcy Code provides the Court with the power to authorize the post-petition financing for a Chapter 11 Debtor-in-Possession. Many incentives are enumerated in Section 364 to induce a creditor to extend post-petition credit.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

14. <u>Grant of Motion; Authorization of Interim Financing.</u> The Motion is hereby granted and the debtor is hereby authorized (i) to obtain DIP financing in accordance with the terms stated above up to an aggregate principal amount outstanding at any time not to exceed $5,000.00, and to incur any and all liabilities and obligations thereunder and to pay all interest, fees, expenses as provided for in the Motion; and (ii) to satisfy all conditions precedent and perform all obligations hereunder and thereunder in accordance with the terms hereof and thereof.

15. <u>DIP Liens.</u> Subject to the provisions hereof, all credit extensions, together with all interest, fees and other charges, at any time or times payable by the debtor to Leonard in connection therewith or otherwise shall be, and hereby are, secured by security interests and liens in favor of Leonard with respect to all of the Collateral, as follows:

    a. Pursuant to Section 364(c)(2) and (c)(3) of the Bankruptcy Code, a priority lien on the accounts receivable generated subsequent to the filing of the Motion.

16. <u>Repayment.</u> The DIP Liens shall be due and payable, and shall be paid, as and when

In the United States Bankruptcy Court for the District of Kansas
IN RE: QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 6

provided herein, without offset or counterclaim. In no event shall the debtor be authorized to offset or recoup any amounts owed, or alleged owed, by Leonard to the debtor against any of the DIP Liens unless and to the extent expressly otherwise agreed to in writing by Leonard.

17. <u>Preservation of Rights Granted Under This Order.</u>

    a. There shall not be entered in this Chapter 11 case or in any successor case any order that authorizes the obtaining of credit or the incurrence of indebtedness by the debtor (or any trustee or examiner) that is secured by a security, mortgage or collateral interest or lien on all or any part of the Collateral that is senior to the DIP Liens granted hereunder; provided, however, that nothing herein shall prevent the entry of an order that specifically provides that, as a condition to the granting of the benefits conferred hereunder, all of the DIP Liens be indefeasibly paid in full, in cash, from the proceeds of such credit or indebtedness.

    b. If this Chapter 11 case is dismissed, converted or substantively consolidated, then neither the entry of this Order nor the dismissal, conversion or substantive consolidation of this Chapter 11 case shall affect the rights of Leonard under this Order, and all of the respective rights and remedies thereunder of Leonard shall remain in full force and effect as if this Chapter 11 case has not been dismissed, converted, or substantively consolidated.

In the United States Bankruptcy Court for the District of Kansas
IN RE:  QuVIS, Inc.
        Bankruptcy Case No. 09-10706-11
        INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO
        THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF
        AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY
        RULE 4001(c)
Page 7

The debtor shall not see, and it shall constitute an Event of Default if the debtor seeks, or if there is entered, any Order dismissing the Chapter 11 case. If an order dismissing either Chapter 11 case is at any time entered, such order shall provide (in accordance with Sections 105 and 349 of the Bankruptcy Code) that (i) the DIP Liens granted to and conferred upon the Leonard shall continue in full force and effect and shall maintain their priorities as provided in this Order until all DIP Liens shall have been paid and satisfied in full (and that such DIP Liens shall, notwithstanding such dismissal, remain binding on all interested parties) and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing the DIP Liens referred to herein.

6. <u>Automatic Perfection of DIP Liens.</u> The DIP Liens shall be deemed valid, binding, enforceable and perfected upon entry of this Order. Leonard may, but shall not be required to file any UCC-1 financing statements, mortgages, deeds of trust, security deeds, notices of lien or any similar document or take any other action (including possession of any of the Collateral) in order to validate the perfection of the DIP Liens. If Leonard shall, in its discretion, choose to file any such mortgages, deeds of trust, security deeds or UCC-1 financing statements, or take any other action to validate the perfection of any part of the DIP Liens, the debtor and its respective officers are directed to execute any documents or instruments as Leonard shall reasonably request, and all such documents and instruments

In the United States Bankruptcy Court for the District of Kansas
IN RE: QuVIS, Inc.
Bankruptcy Case No. 09-10706-11
INTERIM ORDER AUTHORIZING THE DEBTOR TO OBTAIN DIP FINANCING PURSUANT TO THE PROVISIONS OF 11 U.S.C. §§364(c)(2) AND §364(c)(3) AND GRANTING RELATED RELIEF AND SCHEDULING OF FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(c)
Page 8

shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

7. Inconsistencies. To the extent that any provisions in the Security Agreement and Promissory Note are inconsistent with any of the provisions of this Order, the provisions of this Order shall govern and control.

IT IS SO ORDERED.

### # # #

APPROVED BY:


RESPECTFULLY SUBMITTED:

REDMOND & NAZAR, L.L.P.


 /s/Nicholas R. Grillot
Nicholas R. Grillot #22054
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ngrillot@redmondnazar.com